## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ONEPASS DATA TECHNOLOGY LLC,<br><br>Plaintiff,<br>v.<br><br>VERIZON COMMUNICATIONS INC.<br>and, CELLCO PARTNERSHIP d/b/a<br>VERIZON WIRELESS,<br><br>Defendants. | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

C.A. No. 25-cv-01112-JCG

## PROPOSED SCHEDULING ORDER

Upon consideration of the Proposed Scheduling Order (D.I. __), and all other papers and proceedings in this action, it is hereby

**ORDERED** that this case shall proceed according to the following schedule:

1.      Relevant Deadlines and Dates.  All relevant deadlines and dates established by this Order are set forth in the chart attached as Exhibit A.

2.      Rule 26(a)(1) Initial Disclosures.  The Parties shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before July 17, 2026.

3.      Disclosure of Asserted Claims and Infringement Contentions.  Any Party claiming patent infringement shall serve on all Parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions" on or before August

1

10, 2026.  Separately for each opposing Party, the Disclosure of Asserted Claims and Infringement Contentions shall contain the following information:

(a)    Each claim of each asserted patent that is allegedly infringed by each opposing Party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

(b)    Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing Party of which the Party is aware.  This identification shall be as specific as possible.  Each product, device, and apparatus shall be identified by name or model number, if known.  Each method or process shall be identified by name, if known, or by any product, device, or apparatus that, when used, allegedly results in the practice of the claimed method or process;

(c)    A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such Party contends is governed by U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d)    For each claim alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the

2

alleged indirect infringer that contribute to or are inducing that direct infringement.  Insofar as alleged direct infringement is based on joint acts of multiple Parties, the role of each such Party in the direct infringement must be described;

(e)    Whether each limitation of each asserted claim is alleged to be present in the Accused Instrumentality literally or under the doctrine of equivalents;

(f)    For any patent that claims priority to an earlier application, the priority date to which each asserted claim is alleged to be entitled;

(g)    If a Party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the Party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim ("Embodying Instrumentality");

(h)    The timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

(i)    If a Party claiming patent infringement alleges willful infringement, the basis for such allegation.

4.      <u>Document Production Accompanying Disclosure of Asserted Claims</u> <u>and Infringement Contentions</u>.  With the Disclosure of Asserted Claims and Preliminary Infringement Contentions, the Party claiming patent infringement shall produce to each opposing Party or make available for inspection and copying:

(a)     Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or each sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the asserted patent(s);

(b)     All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the asserted patent(s) or the priority date identified pursuant to paragraph 3(f) of this Order, whichever is earlier;

(c)     A copy of the file history for each asserted patent;

(d)     All documents evidencing ownership of the patent rights by the Party asserting patent infringement;

(e)     If a Party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show the operation of any aspects or

elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims;

(f)   All agreements, including licenses, transferring an interest in any asserted patent;

(g)   All agreements that the Party asserting infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

(h)   All agreements that otherwise may be used to support the Party asserting infringement's damages case;

(i)   If a Party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show marking of such Embodying Instrumentalities; and if the Party wants to preserve the right to recover lost profits based on such products, the sales, revenues, costs, and profits of such Embodying Instrumentalities; and

(j)   All documents comprising or reflecting a F/RAND commitment or agreement with respect to the asserted patent(s).

The producing Party shall separately identify by production number the documents that correspond to each category set forth in this paragraph. A Party's production of a document as required by this paragraph shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

5.    <u>Invalidity Contentions</u>.  On or before September 24, 2026, each Party opposing a claim of patent infringement shall serve on all Parties its "Preliminary Invalidity Contentions," which shall contain the following information:

(a)    The identity of each item of prior art that the Party alleges anticipates each asserted claim or renders the claim obvious.  Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher.  Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person(s) or entity(ies) that made the use or made and received the offer, or the person(s) or entity(ies) that made the information known or to whom it was made known.  For pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  For pre-AJA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entity(ies) involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

6

(b)    Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

(c)    A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including, for each limitation that such Party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d)    Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

6.    <u>Document Production Accompanying Invalidity Contentions</u>.  With the Invalidity Contentions, the Party opposing a claim of patent infringement shall produce or make available for inspection and copying:

(a)    Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its chart produced pursuant to paragraph 3(c) of this Order;

(b)    A copy or sample of the prior art identified pursuant to paragraph 5(a) that does not appear in the file history of the patent(s) at issue.  To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced;

(c)    All agreements that the Party opposing infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

(d)    Documents sufficient to show the sales, revenue, cost, and profits for Accused Instrumentalities identified pursuant to paragraph 3(b) of this Order for any period of alleged infringement; and

(e)    All agreements that may be used to support the damages case of the Party opposing infringement.

The producing Party shall separately identify by production number the documents that correspond to each category set forth in this paragraph.

7.    <u>Final Infringement And Invalidity Contentions</u>.

(a)    Any Party claiming patent infringement shall serve on all Parties a "Final Infringement Contentions" on or before 3 weeks from the claim construction order.  Each Party opposing a claim of patent infringement shall serve on all Parties its "Final Invalidity Contentions" on or before six weeks from the claim construction order.

(b)    Amendment of the Final Infringement Contentions or the Final Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.  Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving Party, support a finding of good cause include (a) recent discovery of material prior art despite earlier diligent search and (b) recent discovery of nonpublic information about the Accused Instrumentality that was not discovered, despite diligent efforts, before the service of the Infringement Contentions.  The duty to supplement discovery responses does not excuse the need to obtain leave of the Court to amend contentions.

8.    <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other Parties, and to amend or supplement the pleadings, shall be filed on or before November 24, 2026.

9.    <u>Discovery</u>.

(a)    <u>Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before 7 weeks from completion of document production.

(b)    <u>Document Production</u>.  Document production shall be completed on or before 4 weeks from final invalidity contentions.

(c)    Requests for Admission.  A maximum of 50 requests for admission is permitted for each side.

(d)    Interrogatories.  A maximum of 25 interrogatories, including contention interrogatories, is permitted for each side.

(e)    Depositions.

(1)    Limitation on Hours for Deposition Discovery.  Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination of fact witnesses.  A party may notice two 30(b)(6) depositions.  The foregoing limitation does not apply to depositions of expert witnesses.  Depositions of witnesses shall be limited to seven (7) hours per witness in one day.  Depositions of expert witnesses shall be limited to seven (7) hours per report in one day. For purposes of this paragraph, an expert report includes both the opening and reply reports on the same topic.  For example, if the same expert issues an opening report and a reply report on invalidity, and a rebuttal report on noninfringement, that expert would be subject to one seven (7) hour deposition for the invalidity reports and one seven (7) hour deposition for the noninfringement report.  Similarly, if the same expert issues an opening report and a reply report on infringement, and a rebuttal report on validity, that expert would be subject to one

seven (7) hour deposition for infringement and one seven (7) hour deposition for validity.

(2)     Location of Depositions.  Any Party or representative (officer, director, or managing agent) of a Party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District.  Exceptions to this general rule may be made by order of the Court or by agreement of the Parties.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

10.    Pinpoint Citations.  Pinpoint citations are required in all briefing, letters, and concise statements of facts.  The Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint citation to, as applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority.  See United States v. Dunkel, 921 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

11.    Application to Court for Protective Order.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and

attempt to reach an agreement on a proposed form of order and submit it to the

Court within ten days from the date of this Order.  Any proposed protective order

must include the following paragraph:

> Other Proceedings.  By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12.    Disputes Relating to Discovery Matters and Protective Orders.

Should counsel find that they are unable to resolve a dispute relating to a discovery

matter or protective order, the Parties shall contact the Court's Case Manager to

schedule an in-person conference/argument.

(a)    Unless otherwise ordered, by no later than 72 hours prior to the

conference/argument, the Party seeking relief shall file with the Court a

letter, not to exceed three pages, outlining the issues in dispute and the

Party's position on those issues. The Party shall submit as attachments to its

letter (1) an averment of counsel that the Parties made a reasonable effort to

resolve the dispute and that such effort included oral communication that

involved Delaware counsel for the Parties, and (2) a draft order for the

Court's signature that identifies with specificity the relief sought by the

Party.  The Party shall file concurrently with its letter a motion that in no more than one paragraph sets forth the relief sought.

(b)    By no later than 48 hours prior to the conference/argument, any Party opposing the application for relief may file a letter, not to exceed three pages, outlining that Party's reasons for its opposition.

(c)    Two hard copies of the Parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s).  The hard copies shall comply with paragraphs 10 and 14 of this Order.

(d)    If a motion concerning a discovery matter or protective order is filed without leave of the Court and does not comport with the procedures set forth in this paragraph, the motion will be denied without prejudice to the moving Party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

13.    Papers Filed Under Seal.  When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

14.    Hard Copies.  Parties shall file documents electronically through the Court's CM/ECF system.  Electronically filed copies are deemed the original. Unless otherwise ordered by the Court, Parties shall furnish one paper copy of

pleadings, briefs, responses, and replies.  Parties are not required to file paper

copies of motions, memoranda of points of authorities, letters, stipulations, status

reports, and similar shorter filings.  Paper copies shall be furnished to the Clerk of

Court at United States Court of International Trade, One Federal Plaza, New York,

New York 10278-0001.  Parties need not file copies with the Clerk of Court for the

U.S. District Court for the District of Delaware.  Parties are not required to

physically deliver original and paper copies of sealed filings to the Court.

(a)    Exhibits and Attachments.  Parties shall provide two physical

copies of documents filed in support of pleadings and briefs – appendices,

exhibits, declarations, and affidavits – that exceed 50 pages in total.  The

Parties shall take all practical measures to avoid filing multiple copies of the

same exhibit or attachment.  The Parties should highlight the text of exhibits

and attachments they wish the Court to read.  The Parties are encouraged to

include in an exhibit or attachment only the pages of the document in

question that (1) identify the document (e.g., the first page of a deposition

transcript or the cover page of a request for discovery) and (2) are relevant to

the issue(s) before the Court.

(b)    Colors of Front Covers.  The covers of briefs filed in

connection with all motions except for motions in limine included in a

pretrial order shall be as follows:

(1) Opening brief - Blue

(2) Answering brief- Red

(3) Reply brief - Gray

15.  Claim Construction Issue Identification.  On or before December 11, 2026, the Parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction.  On or before December 18, 2026, the Parties shall exchange and their proposed claim construction(s) of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging their proposed claim construction(s), the Parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than January 8, 2027.  The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov.  The text for the Joint Claim Construction Chart shall be 14-point and in Times New Roman or a similar typeface.  The Parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each Party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A separate text searchable PDF of each of the patent(s) in issue shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the Parties shall not provide argument.  Each Party shall file concurrently with the Joint Claim Construction

15

Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that Party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall simply state that the Party "requests that the Court adopt the claim construction position[s] of [the Party] set forth in the Joint Claim Construction Chart (D.I. [ ])."

16.    Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,500 words, on January 29, 2027. The Defendant shall serve, but not file, its answering brief, not to exceed 8,250 words, on February 19, 2027. The Plaintiff shall serve, but not file, its reply brief, not to exceed 5,500 words, on March 12, 2027. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,750 words, on April 2, 2027. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief. No later than April 23, 2027, the Parties shall file a Joint Claim Construction Brief. (Should the Parties later stipulate or otherwise request to have this deadline extended, the Parties will presumptively lose their claim construction hearing date upon the Court's granting the extension.) The Parties shall copy and paste their

untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-upon Constructions

II.    Disputed Constructions

A.    [TERM 1]

1.    Plaintiff's Opening Position
2.    Defendants' Answering Position
3.    Plaintiff's Reply Position
4.    Defendants' Sur-Reply Position

B.    [TERM2]

1.    Plaintiff's Opening Position
2.    Defendants' Answering Position
3.    Plaintiff's Reply Position
4.    Defendants' Sur-Reply Position

Etc.  The Parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an appendix, the Parties shall submit them in a Joint Appendix.  Citations to intrinsic evidence shall be set forth in the Joint Claim Construction Brief.  Citations to expert declarations and other extrinsic evidence may be made in the Joint Claim Construction Brief as the Parties deem necessary, but the Court will review such extrinsic evidence only if the Court is unable to construe the disputed claim terms based on the intrinsic evidence.  See Vitronics Corp. v. Conceptronic, Inc., 90 F .3d

1576, 1584 (Fed. Cir. 1996).  Declarations shall not contain legal argument or be used to circumvent the briefing word limitations imposed by this paragraph.  The Joint Claim Construction Brief and Joint Appendix shall comply with paragraphs 10 and 14 of this Order.

17.    <u>Meet and Confer Confirmation and Amended Claim Chart</u>.  On or before May 4, 2027, Delaware and lead counsel for the Parties shall meet and confer and thereafter file an Amended Joint Claim Construction Chart that sets forth the terms that remain in dispute.  During the meet and confer, the Parties shall attempt to reach agreement on any disputed terms where possible and to narrow the issues related to the remaining disputed terms.  The Parties shall file with the Amended Joint Claim Construction Chart a letter that identifies by name each individual who participated in the meet and confer, when and how (i.e., by telephone or in person) the meet and confer occurred, and how long it lasted.  If no agreements on constructions have been reached or if no dispute has been narrowed as a result of the meet and confer, the letter shall so state, and the Parties need not file an Amended Joint Claim Construction Chart.

18.    <u>Hearing on Claim Construction</u>.  Beginning at ___ on May 21, 2027, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the

18

Parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

19.    <u>Narrowing of Asserted Patent Claims And Prior Art References.</u>

(a)    No later 3 weeks from the claim construction order, the Plaintiff shall narrow the number of asserted claims to not more than seven (7) total claims, with no more than four (4) claims per patent.

(b)    No later than 6 weeks from the claim construction order, Defendants shall narrow the number the applied prior art references to not more than twenty (20) prior art references against each patent.

20.    <u>Disclosure of Expert Testimony.</u>

(a)    <u>Expert Reports.</u>  For the Party with the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before 8 weeks from the close of fact discovery.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another Party is due on or before 4 weeks from opening expert reports.  Reply expert reports from the Party with the initial burden of proof are due on or 4 weeks from rebuttal expert reports.  No other expert reports will be permitted without either the consent of all Parties or leave of the Court.  Along with the submissions of the expert reports, the Parties shall provide the dates and times of their experts' availability for deposition.

Depositions of experts shall be completed on or before 4 weeks from reply expert reports.

(b)    Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

21.    Case Dispositive and Daubert Motions.

(a)    No Early Motions Without Leave.  All case dispositive motions and the opening briefs and affidavits supporting such motions shall be served and filed on or before 6 weeks from the close of expert discovery. No case dispositive motion under Rule 56 may be filed more than ten days before this date without leave of the Court.  Answering briefs for any motions under Rule 56 shall be due on or before 4 weeks from the opening briefs.  Reply briefs for any motions under Rule 56 shall be due on or before 2 weeks from the answering brief.  Should the Parties later stipulate or otherwise request to have the reply brief deadline extended, the Parties will lose their trial date upon the Court's granting the extension, and no new trial date will be given until the dispositive motion(s) has (have) been decided.

20

(b)      Motions to Be Filed Separately.  A Party shall not combine into a single motion multiple motions that rely in whole or in part on different facts.

(c)      Word Limits.  Each Party is permitted to file as many case dispositive motions as desired, provided, however, that each SIDE will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs, regardless of the number of case dispositive motions that are filed.  In the event that a Party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and Daubert motions shall be increased for each SIDE to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs.  The text for each brief shall be 14-point and in Times New Roman or a similar typeface.  Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

21

(d)    <u>Ranking of Summary Judgment Motions</u>.  A Party that files more than one summary judgment motion shall number each motion to make clear the order in which the Party wishes the Court to consider the motions in question.  The first motion the Party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on.  The Court will review the Party's summary judgment motions in the order designated by the Party.  If the Court decides to deny a motion filed by the Party, barring exceptional reasons determined *sua sponte* by the Court, the Court will not review any further summary judgment motions filed by the Party.

(e)    <u>Ranking of Daubert Motions</u>.  A Party that files more than one <u>Daubert</u> motion shall number each motion to make clear the order in which the Party wishes the Court to consider the motions in question.  The first motion the Party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on.  The Court will review the Party's <u>Daubert</u> motions in the order designated by the Party.  If the Court decides to deny a motion filed by the Party, barring exceptional reasons determined *sua sponte* by the Court, the Court will not review any further <u>Daubert</u> motions filed by the Party.  If the Court denies a <u>Daubert</u> motion and the Party that brought the motion does not cross examine the expert

witness at trial about the matters raised in the <u>Daubert</u> motion, the Court will reduce by an appropriate amount the time allotted to that Party at trial.

(f)    <u>Concise Statement of Facts Requirement</u>.  Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving Party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case).[1]  A Party must submit a separate concise statement of facts for each summary judgment motion.  Any Party that opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving Party's concise statement, as well as sets forth all material facts as to which it is contended that there exists a genuine issue necessary to be litigated.

(g)    <u>Focus of the Concise Statement</u>.  When preparing the separate concise statement, a Party shall reference only the material facts that are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other

---

[1]  The Party must detail each material/act in its concise statement of facts.  The concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions.

document that supports the Party's interpretation of the material fact. Documents referenced in the concise statement may, but need not, be filed in their entirety if a Party concludes that the full context would be helpful to the Court (e.g., a deposition miniscript with an index stating what pages may contain key words may often be useful). The concise statement shall particularly identify the page and portion of the page of the document referenced. The document referred to shall have relevant portions highlighted or otherwise emphasized. The Parties may extract and highlight the relevant portions of each referenced document, but they shall ensure that enough of a document is attached to put the matter in context. If a Party determines that an entire deposition transcript should be submitted, the Party should consider whether a miniscript would be preferable to a full-size transcript. If an entire transcript is submitted, the index of terms appearing in the transcript must be included, if it exists. When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit. Concise statements of fact shall comply with paragraphs 10 and 14 of this Order.

(h)    <u>Word Limits for Concise Statement</u>. The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,750 words. The text for each statement shall be 14-point and

in Times New Roman or a similar typeface.  Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

(i)    Affidavits and Declarations.  Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

(j)    Scope of Judicial Review.  When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the Parties.  Further, the Court shall have no independent duty to review exhibits in their entirety, but rather the Court will review only those portions of the exhibits specifically identified in the concise statements.  Material facts set forth in the moving Party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing Party.

22.    Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

25

23.    Pretrial Conference.  On the Court will hold on August __, 2028, a Rule 16(e) final pretrial conference in court with counsel beginning at __.  The Parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. 21 days before the pretrial conference.  Unless otherwise ordered by the Court, the Parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.  The joint pretrial order shall comply with paragraphs 10 and 14 of this Order.

24.    Motions in Limine.  Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order.  Each Party shall be limited to three in limine requests, unless otherwise permitted by the Court.  Each in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the Party making the in limine request may add a maximum of one additional page in reply in support of its request.  If more than one Party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three-page submission (and, for the moving Parties, a single one-page reply).  No separate briefing shall be submitted

on in limine requests, unless otherwise permitted by the Court. Motions in limine shall comply with paragraphs 10 and 14 of this Order.

25. Compendium of Cases. A Party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the Party would like the Court to focus. The Parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a Party generally should not be included in the compendium. An authority already provided to the Court by another Party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 14 of this Order.

26. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the Parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on 21 days prior to the pretrial conference. The Parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

27. Trial. This matter is scheduled for a 5-day jury trial beginning at 8:30 a.m. on August __, 2028 with the subsequent trial days beginning at 8:30 a.m.

27

Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

28.    <u>Willfulness and Damages</u>.  Unless otherwise agreed to by the Parties and the Court, the trial will be phased such that the issues of willful infringement and damages will be tried only if there is a finding of infringement.

IT IS SO ORDERED this __ day of _____, 2026.

_____
Jennifer Choe-Groves
U.S. District Court Judge[*]

_____

[*] Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.

28

# EXHIBIT A

| Event | Deadline/Date |
|---|---|
| Commencement of Fact Discovery | July 17, 2026 |
| Serve Rule 26(a)(1) Initial Disclosures | July 17, 2026 |
| Preliminary Infringement Contentions and Accompanying Document Production | August 10, 2026 |
| Preliminary Invalidity Contentions and Accompanying Document Production | September 24, 2026 |
| Joinder of Other Parties and Amendment of Pleadings | November 24, 2026 |
| Exchange Claim Construction Terms | December 11, 2026 |
| Exchange Proposed Constructions | December 18, 2026 |
| File Joint Claim Construction Chart | January 8, 2027 |
| Plaintiff serves Opening Claim Construction Brief | January 29, 2027 |
| Defendants serve Answering Claim Construction Brief | February 19, 2027 |
| Plaintiff serves Reply Claim Construction Brief | March 12, 2027 |
| Defendants serve Sur-Reply Claim Construction Brief | April 2, 2027 |
| File Joint Claim Construction Brief | April 23, 2027 |
| Meet & Confer re Amended Joint Claim Construction Chart | May 4, 2027 |
| File Amended Joint Claim Construction Chart | May 7, 2027 |
| Claim Construction Hearing | May 21, 2027 |

| Event | Deadline/Date |
|---|---|
| Plaintiff serves Final Infringement Contentions | 3 weeks from claim construction order. |
| Deadline for Plaintiff to narrow asserted claims to not more than 4 claims from each patent and not more than 7 total claims. | 3 weeks from claim construction order. |
| Defendants serve Final Invalidity Contentions and Deadline for Defendant to narrow prior art references to not more than 15 prior art references against each patent and not more than a total of 20 references.   Each obviousness combination counts as a separate prior art reference. | 6 weeks from claim construction order. |
| Completion of Document Production | 4 weeks from final invalidity contentions |
| Fact Discovery Cut Off | 7 weeks from completion of document production. |
| Serve Opening Expert Reports by Party bearing the initial burden of proof | 8 weeks from close of fact discovery |
| Serve Rebuttal Expert Reports | 4 weeks from opening reports |
| Serve Reply Expert Reports | 4 weeks from rebuttal reports |
| Complete Expert Depositions | 4 weeks from reply |
| File Opening Briefs for Dispositive and Daubert Motions | 6 weeks from close of expert discovery |
| File Answering Briefs to Case Dispositive and Daubert Motions | 4 weeks from opening briefs |

| Event | Deadline/Date |
|---|---|
| File Reply Briefs for Case Dispositive and <u>Daubert</u> Motions | 2 weeks from answering briefs |
| File Joint Proposed Pretrial Order, including motions in limine, proposed voir dire, jury instructions, and special verdict forms | 21 days before pretrial conference |
| Pretrial Conference | August __, 2028 |
| Jury Trial (5 days) | August __, 2028 |